Steven C. Tycksen, #3300
**TYCKSEN & SHATTUCK, L.C.**
12401 South 450 East, Unit E1
Draper, Utah 84020
Telephone: 801-748-4081
Facsimile: 801-748-4087
steve@tyshlaw.com

Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**NEIL ALAN JOHNSON,**<br><br>      **Debtor.**<br>_____<br><br>**NEIL ALAN JOHNSON,**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**NATIONSTAR MORTGAGE LLC; U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE; BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE; LASALLE BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE; LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H; PAUL HALLIDAY, JR., TRUSTEE; SCOTT LUNDBERG, TRUSTEE; and JOHN DOES I-X,**<br><br>      **Defendants.** | **Bankruptcy No. 16-22112**<br><br>**(Chapter 11)**<br><br>**Adv. No.**<br><br>**COMPLAINT TO DETERMINE THE SECURED STATUS, EXTENT, VALIDITY, PRIORITY OF LIENS, REMOVE CLOUD FROM TITLE, RESTRAINING ORDER, SANCTIONS, AND OTHER RELIEF**<br><br>**Judge William T. Thurman**<br><br>**Filed Electronically** |

**COMPLAINT TO DETERMINE THE SECURED STATUS, EXTENT, VALIDITY, PRIORITY OF LIENS, REMOVE CLOUD FROM TITLE, RESTRAINING ORDER, SANCTIONS, AND OTHER RELIEF**

COMES NOW, Neil Johnson ("Debtor" and "Plaintiff"), by and through his counsel of record, Steven C. Tycksen and hereby files this Complaint to Determine the Secured Status, Extent, Validity, Priority of Liens, Remove Cloud from Title, Restraining Order, Sanctions, and Other Relief, and in support thereof states and complains as follows:

### JURISDICTION & VENUE

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105 and 542.

3. This contested matter is a core proceeding as defined by 28 U.S.C. §157.

4. Venue is proper under 29 U.S.C. § 1409.

### PARTIES

5. Debtors as Plaintiff have standing to bring this action pursuant to 11 U.S.C. §§ 101, 109 and is the owner of the following described real property:

(a) Lot 35, WESTVIEW PLAT "B",  a Residential Subdivision according to the Plat thereof as recorded in the office of the Utah County Recorder.  Tax #55:628:0035

And

(b) 178 West 1640 North, Lehi, UT 84043, and more particularly described as: Lot 61, PLAT "C", HILL CREEK PLANNED RESIDENTIAL DESIGN, according to the plat thereof as recorded in the office of the Utah County Recorder.

6. Defendant Nationstar Mortgage, LLC, is a mortgage company and/or mortgage servicing entity which does business within and without the State of Utah.

7.  Defendant U.S. Bank National Association, is a nationally chartered bank which does business within and without the State of Utah and is the indenture trustee.

8.  Defendant Bank of America, National Association, is a nationally chartered bank which does business within and without the State of Utah and was at one time the trustee.

9.  LaSalle Bank National Association, is a nationally chartered bank which does business within and without the State of Utah and was at one time the indenture trustee.

10.  Upon information and belief, LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H is the beneficiary of the promissory note.

11.  Defendant Paul Halliday, Jr., is the successor trustee.

12.  Defendant Scott Lundberg is the successor trustee.

13. John Does I-X are individuals or entities currently unknown to the Debtor who may claim an interest in the subject properties.

14. Collectively the defendants named above will be referred to as "Defendants."

**FACTS**

15.     The Debtor realleges paragraphs one through fourteen as if fully set forth herein by this reference.

**The Promissory Note and Mortgage**

**A.**     **Lot 35, WESTVIEW PLAT "B"**

16. On or about April 12, 2007, Debtor Neil Alan Johnson and his wife, Jodi Lynn Johnson ("Smiths" or "Debtors"), executed an adjustable rate promissory note ("Note") payable to Varent, Inc., a Utah Corporation and a deed of trust ("Trust Deed") conveying their certain

real property to Varent in trust to secure repayment of the Note.  (A copy of the Note is attached

hereto as Exhibit "A".  A copy of the Trust Deed is attached hereto as Exhibit "B").  The Trust

Deed was recorded in the Utah County Recorder's Office on April 18, 2007 as entry no.

56959:2007.

17.  Without date, Varent, Inc. executed an Allonge to Note, whereby Varent, Inc.

authorized Mortgage Co-op to void the incorrect note endorsement and that the following

endorsement to said note: "Pay to the Order of The Mortgage Co-op without Recourse."  A copy

of the Allonge is attached hereto as Exhibit "C".

18.  Without date, The Mortgage Co-op executed an Allonge to the Note stating

nothing more than "Pay to the Order of Lehman Brothers Bank, F.S.B."  A copy of the Allonge

is attached hereto as Exhibit "D".

19.  On or about October 8, 2010, Mortgage Electronic Registration Systems, as

Nominee for Varent, Inc., executed a Corporate Assignment of Deed of Trust assigning its

interest in the Deed of Trust to Aurora Loan Services, LLC.  (A copy of the Corporate

Assignment of Deed of Trust is attached hereto as Exhibit "E").  This Assignment was recorded

in the Utah County Recorder's Office on October 19, 2010 as entry no. 90018:2010.

20.  On or about July 5, 2012, Aurora Bank, F.S.B. executed a Corporate Assignment of

Deed of Trust assigning the Deed of Trust to Nationstar Mortgage, LLC.  (A copy of the

Corporate Assignment of Deed of Trust is attached hereto as Exhibit "F").  This Corporate

Assignment of Deed of Trust was recorded in the Utah County Recorder's Officer on August 15,

2012 as entry no. 68642:2012.

21.  On or about September 6, 2013, Aurora Loan Services, LLC by Nationstar

Mortgage, LLC, its attorney-in-fact, executed a Corporate Assignment of Deed of Trust

assigning its interest in the Deed of Trust to Aurora Bank F.S.B. (A copy of the Corporate
Assignment of Deed of Trust is attached hereto as Exhibit "G").  This Corporate Assignment of
Deed of Trust was recorded in the Utah County Recorder's Officer on September 13, 2013 as
entry no. 87572:2013.

22.    On or about September 11, 2015, Nationstar Mortgage, LLC, assigned its interest in
the Deed of Trust to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of
America, National Association, as Trustee, Successor by merger to LaSalle National Bank
Association, as Trustee for LXS 2007-8H, Asset Backed Notes, Series 2007-8H.  (A copy of the
Corporate Assignment of Deed of Trust is attached hereto as Exhibit "H").  The Corporate
Assignment of Deed of Trust was recorded in the Utah County Recorder's Officer on September
23, 2015 as entry no. 87011:2015.

23.    The Defendants allege the Debtors have defaulted in the payment of the Note.

24.    On October 30, 2009, Defendants recorded a Notice of Default against the Debtor
under the terms of the note on the Property located at 425 N. 1050 W., Lehi, Utah.

25.    On January 29, 2010, the ninety first (91st) day following the Notice of Default,
the note was deemed accelerated pursuant to the terms of the above Notice of Default.

26.    On March 17, 2010, Mr. and Mrs. Johnson timely served creditor with and
recorded a notice rescinding the note and trust deed on the property.

27.    The property was scheduled for Trustee's sale by creditor's trustee on March 4,
2010 by notice posted on Debtor's door on February 6, 2010.  (A copy of the Notice of Trustee's
Sale is attached hereto as Exhibit "I").

28.    The sale was voluntarily postponed.

29.    On August 11, 2010, more than forty-five (45) days after the postponement of the

original sale, the property was again scheduled for a Trustee's sale by creditor's trustee with the sale date set for September 16, 2010.  (A copy of the Notice of Trustee's Sale is attached hereto as Exhibit "J").

30.     On June 3, 2014, more than forty-five (45) days after the postponement of the original sale, the property was again scheduled for a Trustee's sale by creditor's trustee with the sale date set for July 28, 2014.  (A copy of the Notice of Trustee's Sale is attached hereto as Exhibit "K").

31.     On May 12, 2017, more than forty-five (45) days after the postponement of the original sale, the property was again scheduled for a Trustee's sale by creditor's trustee with the sale date set for June 12, 2017.  (A copy of the Notice of Trustee's Sale is attached hereto as Exhibit "L").

**B.      178 West 1640 North, Lehi, UT**

32. In February 2007, the Debtor and his wife closed with Mountain States Mortgage on a loan secured by a home located at 1023 West 2550 North, Lehi, Utah.

33. Prior to the closing the Debtor was working for Mountain States Mortgage as a quality control auditor.

34. Sometime after closing the Debtor was approached by two representatives of Mountain States Mortgage and was told that they were having trouble selling this loan on the secondary market. They said there was some "defect" in the paperwork which they did not disclose.

35. The representatives of Mountain States Mortgage told the Debtor that they would need to refinance the home or they were going to foreclose on it. The Debtor told them they could not foreclose on the home because he was current on the loan. They insisted that the

Debtor sign a new note. At this point in time the Debtor's relationship with Mountain States was bad but the Debtor agreed to the refinance anyway.

36. Mountain States fired the Debtor a short time later.

37. In order to qualify for this new loan the Debtor had to also refinance the loan on property located at 178 West 1640 North, Lehi, Utah.

38. On May 16, 2007 the Debtor and his wife signed new documents to complete the refinance.

39. Debtor maintains that the promissory note that has been supplied as support for Claim No. 7 is not the note that he and his wife signed on May 16, 2007. It has a signature on it that is similar to the Debtor's but the signature is dated June 8, 2007, 3 weeks later, and the Debtor does not believe that it is his signature.

40. The Debtor does not know what happened to the note that he signed on May 16, 2007 but he believes that the note that is being used for supporting claim No. 7 is a forgery or has been altered and does not bear his signature.

41.  The Debtor made various and sundry attempts to discover how the note came to be signed and to discover who was the real party to whom he was indebted all to no avail.  After many attempts to obtain truth in lending he ultimately rescinded the transaction within the three year statute of limitations for him to do so.  No one has responded to his notice of recission in any fashion.

**The Bankruptcies**

41.     On September 29, 2010, Mr. Johnson filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code (Case No. 10-33431).

42.     On November 8, 2010, Mr. Johnson's Chapter 7 Bankruptcy case was dismissed.

43.     On December 15, 2010, the court's previous dismissal of Mr. Johnson's Chapter 7

Bankruptcy case was vacated.

44.     On January 20, 2011, by order of the Court, Mr. Johnson's Chapter 7 Bankruptcy

case was again dismissed.

45.     The number of days from the date of the entry of the order of final dismissal for

this Bankruptcy case (No. 10-33431) was 114 days, counting both the original day of filing and

the day of final dismissal and all intervening days (note:the order vacating the dismissal does not

state that the stay was reimposed *nunc pro tunc,* but in this analysis it is presumed to have been

retroactively re-imposed for all of the intervening days).

46.     On July 25, 2014, Mr. Johnson filed for bankruptcy protections under Chapter 13

of the Bankruptcy Code (Case No. 14-27765).

47.     On November 19, 2014, Mr. Johnson's Chapter 13 Bankruptcy case was

dismissed.

48.     The number of days from the date of filing to the date of dismissal for this

Bankruptcy case (No. 14-27765) was 119 days, counting both the day of filing and the day of

dismissal and all intervening days between the two.

49.     On May 27, 2015, Mr. Johnson's spouse and co-obligor on the Note, Jodi Lyn

Johnson, filed for bankruptcy protections under Chapter 13 of the Bankruptcy Code (Case No.

15-24878).

50.     On June 11, 2015, Mrs. Johnson's Chapter 13 Bankruptcy was dismissed.

51.     The number of days from the date of filing to the date of dismissal for this

Bankruptcy case (No. 15-24878) was 19 days, counting both the day of filing and day of

dismissal and all intervening days between the two.

52.     On July 8, 2015, Mrs. Johnson filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code (Case No.15-26321).

53.     On August 11, 2015, Mrs. Johnson's second Chapter 13 Bankruptcy was dismissed.

54.     Pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay imposed on creditors by Mrs. Johnson's second Chapter 13 Bankruptcy filing (Case No.15-26321) was limited to only 30 days.

55.     On November 2, 2015, Mr. Johnson filed for further bankruptcy protections under Chapter 13 of the Bankruptcy Code (Case No. 15-30252).

56.     On January 28, 2016, Mr. Johnson's second Chapter 13 Bankruptcy was dismissed.

57.     Pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay imposed on creditors by Mr. Johnson's second Chapter 13 Bankruptcy filing (Case No. 15-30252) was also limited to only 30 days.

58.     On March 17, 2016, Mr. Johnson's filed for bankruptcy protections and reorganization of debts under Chapter 11 of the Bankruptcy Code (Case No. 16-22112).

59.     Pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay imposed on creditors by Mr. Johnson's Chapter 11 Bankruptcy filing (Case No. 16-22112) was limited to only 30 days. This stay expired on or about April 16, 2016.

60.     Mr. and Mrs. Johnson's bankruptcy filings have collectively tolled any applicable

statute of limitations governing the deadline by which Creditor must obtain a default judgment

and/or foreclose on the Property by a total of 342 days.

61.    From the date Mr. and Mrs. Johnson's note was accelerated on January 29, 2010,

to the date of filing of this Memorandum, a total of 2,618 days (or 7 years, 2 months and 1 day)

have elapsed.

62.    Nationstar filed its proofs of claim Nos. 6 and 7 in the Chapter 11.  (A copy of the

proofs of claim is attached hereto as Exhibit M).

63.    On or about March 30, 2017, the Debtor filed his Objection to Proof of Claim.  (A

copy of the Objections are attached hereto as Exhibit N).

64.    On or about April 25, 2017, Nationstar filed is Response to the Objection to the

Proof of Claim.  (A copy of the Responses to Objection is attached hereto as Exhibit O).

65.    On or about April 28, 2017, the Debtor filed his Reply Memorandum in Support of

Objection to Proof of Claim.  (A copy of the Reply Memorandums in Support of Objection to

Proof of Claim are attached hereto as Exhibit P).

66.    As of the date of the filing of this Adversary Complaint, the bankruptcy court has not

ruled upon the objections to proofs of claim.

## COUNT I – DETERMINATION OF SECURED STATUS

67.    The allegations set forth in paragraphs 1 through 66 above are incorporated herein by

reference.

68.    The Defendants have filed a proof of claim asserting that a secured debt is owed to

them.  (Exhibit M).

69.    However, attached to the Proof of Claim as evidence of the Debt was the Note which

was made specifically payable to Varent, Inc. and subject first to an Allonge in favor of

Mortgage Co-op and then a second Allonge making the Note specifically payable to Lehman Brothers Bank.  (Exhibits A,  C, and D).

70.  The evidence presented in support of the Proof of Claim establishes that Lehman Brothers Bank is the real holder of the Note.  (Exhibit D).

71.  In addition, in support of the Proof of Claim, the Defendants filed a Deed of Trust in favor of Varent, Inc., with Mortgage Electronic Registration System as its nominee.  (Exhibit B).

72.  On or about October 8, 2010, Mortgage Electronic Registration Systems, as Nominee for Varent, Inc., executed a Corporate Assignment of Deed of Trust assigning its interest in the Deed of Trust to Aurora Loan Services, LLC.  (A copy of the Corporate Assignment of Deed of Trust is attached hereto as Exhibit "E").  This Assignment was recorded in the Utah County Recorder's Office on October 19, 2010 as entry no. 90018:2010.

73.  On or about July 5, 2012, Aurora Bank, F.S.B., _not_ Aurora Loan Services, LLC, executed a Corporate Assignment of Deed of Trust assigning the Deed of Trust to Nationstar Mortgage, LLC.  (A copy of the Corporate Assignment of Deed of Trust is attached hereto as Exhibit "F").  This Corporate Assignment of Deed of Trust was recorded in the Utah County Recorder's Officer on August 15, 2012 as entry no. 68642:2012.  Debtor maintains that Aurora Bank, F.S.B. and Aurora Loan Services, LLC are not the same entity and that here is no intervening assignment of the trust deed between them.

74.  On or about September 6, 2013, Aurora Loan Services, LLC by Nationstar Mortgage, LLC, its attorney-in-fact, executed a Corporate Assignment of Deed of Trust assigning its interest in the Deed of Trust to Aurora Bank F.S.B., despite the fact that Aurora Loan Services, LLC did not previously make its assignment to Nationstar as its attorney-in-fact.  (A copy of the Corporate Assignment of Deed of Trust is attached hereto as Exhibit "G").  This

Corporate Assignment of Deed of Trust was recorded in the Utah County Recorder's Officer on September 13, 2013 as entry no. 87572:2013.

75. On or about September 11, 2015, Nationstar Mortgage, LLC, assigned its interest in the Deed of Trust to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by merger to LaSalle National Bank Association, as Trustee for LXS 2007-8H, Asset Backed Notes, Series 2007-8H, despite the fact that it had previously assigned its interest to Aurora Bank, F.S.B.  (A copy of the Corporate Assignment of Deed of Trust is attached hereto as Exhibit "H").  The Corporate Assignment of Deed of Trust was recorded in the Utah County Recorder's Officer on September 23, 2015 as entry no. 87011:2015.

76. At the time of the filing of the Proof of Claim, the evidence presented in support of the Proof of Claim established that Lehman Brother's Bank, F.S.B. was the holder of the specifically endorsed Note.

77. At the time of the filing of the Proof of Claim, the evidence presented in support of the Proof of Claim established that Nationstar had previously assigned its interest in the Deed of Trust to Aurora Bank, and therefore did not have an interest to assign to U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by merger to LaSalle National Bank Association, as Trustee for LXS 2007-8H, Asset Backed Notes, Series 2007-8H.

78. Because the Defendants did not hold the Note nor hold a valid interest in the Deed of Trust at the time of filing their Proof of Claim, this Court should enter a Declaratory Judgment that the Defendants Proof of Claim is not valid.

79. Because the Defendants did not hold the Note nor hold a valid interest in the Deed of Trust at the time of filing their Proof of Claim, this Court should enter a Declaratory Judgment that the Deed of Trust is not valid and enforceable against the subject property.

80. Because the Defendants did not hold the Note nor hold a valid interest in the Deed of Trust at the time of filing their Proof of Claim, this Court should enter a Declaratory Judgment that the Defendants lack standing to pursue the enforcement of the Note or Deed of Trust.

81. Because more than six years has elapsed since the filing of the Notice of Default, this Court should enter a Declaratory Judgment that any claim to enforce the Note or the Deed of Trust is barred by the provisions of Utah Code Ann. §78B-2-309.

## COUNT II – RESCISSION

82. The allegations set forth in paragraphs 1 through 81 above are incorporated herein by reference.

83. On March 17, 2010, Mr. and Mrs. Johnson timely served creditor with and recorded a notice rescinding the note and trust deed on the property under the provisions of the Truth in Lending Act.

84. Under the Truth in Lending Act 15 U.S.C. §1635(f), a borrower has three years after the date of the consummation of the transaction to provide notice of rescission.

85. Under the United States Supreme Court ruling in *Jesinoski v. Countrywide Home Loans, Inc.,* 574 U.S._____ (2015), the borrower has no obligation to commence suit to effectuate the rescission within said three year period of time.

86. When the Debtor served its Notice of Recission and recorded the same, it effectively rescinded the Note and Mortgage, thereby relieving the Debtor of any obligation to pay the Note secured by the Deed of Trust.

87.  Because required disclosures were not made, not only is the Debtor entitled to rescind the Note and Deed of Trust, but the Debtor is entitled to an award of damages in an amount to be proven at trial.

88.  Because the Defendants did not commence an action within the applicable three year period following the rescission, the Defendants are now barred from enforcing the Note secured by the Deed of Trust because was rescinded.

## COUNT III – REMOVE CLOUDS FROM TITLE

89. The allegations set forth in paragraphs 1 through 88 above are incorporated herein by reference.

90. Based upon the foregoing allegations, Debtors allege that the Deeds of Trust secure nothing for their alleged holders and are therefore, constitute invalid clouds on the Debtor's title.

91. Debtor request an order of this Court finding that the Deed of Trust is a cloud upon the title of Debtors and that it should be stricken from the land records in the Office of the Utah County Recorder.

## COUNT IV – RESTRAINING ORDER

92. The allegations set forth in paragraphs 1 through 91 above are incorporated herein by reference.

93.  There is currently pending before the Court in the bankruptcy action an Objection to Proof of Claim relating to the right of the Defendants to enforce the alleged security interest in the form of the Deed of Trust which secures the obligations under the Note.

94.  The Bankruptcy Court has not resolved the issues set forth in this action nor in the objection to the Proof of Claim.

95.  However, in the bankruptcy case, because of its procedural posture, there is no automatic stay in effect.

96.  The Defendants have scheduled a Notice of Trustee Sale setting the sale of the subject properties for June 12, 2017 and June 19, 2017 respectively.  (Exhibit "L").

97.  The Notice of Sale on Lot 35, WESTVIEW PLAT "B" is premised on the Notice of Default which was recorded on October 30, 2009.  The Notice of Sale on the 178 West 1640 North, Lehi, UT property is premised on a forged Note.

98.  The Notice of Sale is more than six (6) years after the recordation of the Notice of Default.

99.  The Notice of Sale is more than forty five (45) days after the postponement of a previous sale.

100.  Upon information and belief, the Notice of Sale was not properly posted on the real property.

101.  Upon information and belief, the Notice of Sale was not properly published in a newspaper of local circulation.

102.  If the Defendants are permitted to sell the subject property as set forth in the Notice of Sale, the sale of the subject property will render moot the Objection to the Proof of Claim.

103.  If the Defendants are permitted to sell the subject property as set forth in the Notice of Sale, the declaratory relief issues contained in this Adversary Complaint will be rendered moot and the Debtor's will be damaged irreparably.

104.  Therefore, this Court should enter an injunction enjoining the sale of the subject property until the resolution of this action and the objection on the proof of claim.

WHEREFORE, the Debtor prays that the Court enter its order granting judgment for the following:

1. On Count I, enter a declaratory judgment declaring that the Defendants Proof of Claim is not valid;

2. On Count I, enter a declaratory judgment declaring that the Defendant that the Deed of Trust is not valid and enforceable against the subject property;

3. On Count I, enter a declaratory judgment declaring that the Defendants lack standing to pursue the enforcement of the Note or Deed of Trust.

4. On Count I, enter a declaratory judgment declaring that any claim to enforce the Note or the Deed of Trust is  time barred by the provisions of Utah Code Ann. §78B-2-309.

5. On Count II, enter a judgment declaring that the Note and Deed of Trust were rescinded by the Debtor.

6. On Count II, enter a judgment in favor of the Debtor and against the Defendant for monetary damages in an amount to be proven at trial.

7. On Count II, enter a judgment declaring that the Defendants are time barred from contesting the rescission based on the running of the statute of limitations.

8. On Count III, enter an order declaring that the Deed of Trust is a cloud upon the title of Debtors property and that it should be stricken from the land records in the Office of the Utah County Recorder.

9. On Count IV, enter an injunction enjoining the Defendants from commencing or conducting a non-judicial trustee's sale or foreclosure of the subject property until a resolution of this matter and the objection to the proof of claim.

10. For such other relief to which the Debtors and this bankruptcy estate may be entitled.

11. For an award of costs and attorney fees.

Respectfully Submitted.

DATED and SIGNED this 2nd day of June, 2017.

TYCKSEN & SHATTUCK, L.C.

/s/ Steven C. Tycksen
Steven C. Tycksen
Attorney for Debtor